# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    **v.**                                                         Case No. 00-CR-55

**RAJIV C. SHAH,**

    **Defendant.**

## ORDER GRANTING CONTINUANCE UNDER SPEEDY TRIAL ACT

In October 2000, a grand jury in this District returned a six count superseding indictment against Sanjiv C. Shah and Rajiv C. Shah. (Docket # 2.) Rajiv C. Shah is charged with bank fraud, bank fraud conspiracy, and money laundering. Shah fled to India in March 2000 and was arrested by Indian authorities in 2002. (Docket # 9.) Shah was released on bond and avoided extradition for over 15 years. (*Id.*) Shah was again taken into custody by Indian authorities in April 2017 and was returned to the United States in September 2017. (*Id.*)

The government has moved to designate the case as complex. (*Id.*) A hearing was held on the government's motion on October 6, 2017. The government argues that the volume of discovery and the complexities caused by the fact that Shah was a fugitive for over 17 years justifies the complex designation. (*Id.*) The government states that discovery includes hundreds of mortgage files obtained through search warrants and/or subpoenas, as well as financial records, wire transfer materials, extradition paperwork, and attorney billing records related to the money laundering charges. The government further notes that in 1999, the FBI imaged a server and two workstations. Technology has changed, however, and the government is currently working out the logistics of providing

counsel meaningful access to this information. The government also states that it is in the process of identifying the current location of roughly two dozen witnesses. Although the government has provided much of the discovery, there is still additional discovery to be produced. The defendant does not object to designating the case as complex.

Given the age of the case, as well as the nature, extent, and volume of discovery, I find that it is appropriate to designate the case complex. Additionally, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), I find that based on the complexity of this case, it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial within the time limits set by the Speedy Trial Act. Further, I find that under 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by taking this action outweigh the best interest of the public and the defendant in a speedy trial.

**NOW, THEREFORE, IT IS ORDERED** that the government's request to designate the case as complex (Docket # 9) is hereby **GRANTED**.

**FURTHER, IT IS ORDERED** that the Court will conduct an in-person scheduling conference for counsel only on **November 9, 2017** at **10 a.m.**

**FURTHER, IT IS ORDERED** that the time between October 6, 2017 and November 9, 2017, the date set for the scheduling conference, is excluded from the speedy trial deadline of 18 U.S.C. § 3161(c)(1).

Dated at Milwaukee, Wisconsin this 6th day of October, 2017.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge